IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARLENE M. JACOBS HEADRICK,<br><br>    Plaintiff,<br><br>    vs.<br><br>CAROLYN W. COLVIN, ACTING<br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Civil Action No. 15-784 |

O R D E R

AND NOW, this 27th day of September, 2016, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 11) filed in the above-captioned matter on December 3, 2015,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 8) filed in the above-captioned matter on September 1, 2015,

IT IS HEREBY ORDERED that said Motion is GRANTED IN PART and DENIED IN PART. Specifically, Plaintiff's Motion is granted to the extent that it seeks a remand to the Commissioner of Social Security ("Commissioner") for further evaluation as set forth below, and denied in all other respects. Accordingly, this matter is hereby remanded to the Commissioner for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

**I.     Background**

On September 27, 2011, Plaintiff Marlene M. Jacobs Headrick protectively filed a claim for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381

et seq. Specifically, Plaintiff claimed that she became disabled on January 1, 1999, due to anxiety disorder and major depression. (R. 291).

After being denied initially on January 11, 2012, Plaintiff sought, and obtained, a hearing before an Administrative Law Judge ("ALJ") on January 8, 2014. (R. 26-55). In a decision dated March 24, 2014, the ALJ denied Plaintiff's request for benefits. (R. 10-25). The Appeals Council declined to review the ALJ's decision on May 4, 2015. (R. 1-6). Plaintiff filed a timely appeal with this Court, and the parties have filed cross-motions for summary judgment.

## II. Standard of Review

Judicial review of a social security case is based upon the pleadings and the transcript of the record. See 42 U.S.C. § 405(g). The scope of review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. See Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001) (noting that "'[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive'" (quoting 42 U.S.C. § 405(g))); Schaudeck v. Commissioner of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999) (stating that the court has plenary review of all legal issues, and reviews the administrative law judge's findings of fact to determine whether they are supported by substantial evidence).

"Substantial evidence" is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate'" to support a conclusion. Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (quoting Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995)). However, a "single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence." Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Kent v. Schweiker, 710 F.2d 110,

114 (3d Cir. 1983)). "Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians) – or if it really constitutes not evidence but mere conclusion." Id.

A disability is established when the claimant can demonstrate some medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period. See Fargnoli v. Massanari, 247 F.3d 34, 38-39 (3d Cir. 2001). "A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .'" Id. at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Social Security Administration has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability as defined by the Act. See 20 C.F.R. § 416.920. In Step One, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. See 20 C.F.R. § 416.920(b). If so, the disability claim will be denied. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987). If not, the second step of the process is to determine whether the claimant is suffering from a severe impairment. See 20 C.F.R. § 416.920(c). "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 416.921(a). If the claimant fails to show that his or her impairments are "severe," he or she is ineligible for disability benefits. If the claimant does have a severe impairment, however, the Commissioner must proceed to Step Three and determine whether the claimant's impairment meets or equals the criteria for a listed impairment. See 20

3

C.F.R. § 416.920(d). If a claimant meets a listing, a finding of disability is automatically directed. If the claimant does not meet a listing, the analysis proceeds to Steps Four and Five.

Step Four requires the ALJ to consider whether the claimant retains the residual functional capacity ("RFC") to perform his or her past relevant work, see 20 C.F.R. § 416.920(e), and the claimant bears the burden of demonstrating an inability to return to this past relevant work, see Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994). If the claimant is unable to resume his or her former occupation, the evaluation then moves to the fifth and final step.

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability. See 20 C.F.R. § 416.920(g). In making this determination, the ALJ should consider the claimant's RFC, age, education, and past work experience. See id. The ALJ must further analyze the cumulative effect of all the claimant's impairments in determining whether he or she is capable of performing work and is not disabled. See 20 C.F.R. § 416.923.

### III. The ALJ's Decision

In the present case, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since September 27, 2011. (R. 15). The ALJ also found that Plaintiff met the second requirement of the process insofar as she had certain severe impairments, specifically, right foot drop, a generalized anxiety disorder, a panic disorder, depression, an affective disorder, and a major depressive disorder. (R. 15). The ALJ further concluded that Plaintiff's impairments did not meet any of the listings that would satisfy Step Three. (R. 16-17).

The ALJ next found that Plaintiff retained the RFC to perform medium work as defined in 20 C.F.R. § 416.967(c), except she must avoid unprotected heights and dangerous machinery,

4

she is limited to unskilled work, requires a low stress environment such that there are few changes in work settings and no fast pace or quota production standards, can have occasional contact with co-workers and supervisors, and no contact with the general public. (R. 17). At Step Four, the ALJ found that Plaintiff has no past relevant work, and he moved on to Step Five. (R. 19). The ALJ then used a vocational expert ("VE") to determine whether or not a significant number of jobs existed in the national economy that Plaintiff could perform. The VE testified that, based on Plaintiff's age, education, past relevant work experience, and RFC, Plaintiff could perform jobs that exist in significant numbers in the national economy, such as box bender, mill filler and hand packager. (R. 20, 50-52). Accordingly, the ALJ found that Plaintiff was not disabled. (R. 20-21).

## IV. Legal Analysis

Plaintiff raises several arguments as to why she believes that the ALJ erred in finding her to be not disabled. While the Court does not fully agree with the arguments set forth by Plaintiff, it does agree that remand is warranted in this case. Specifically, the Court finds that, in determining Plaintiff's RFC, the ALJ failed to address sufficiently the evidence of record regarding Plaintiff's GAF scores. Additionally, the Court finds that the ALJ failed to provide an adequate explanation for his evaluation of certain medical opinion evidence in the record. Accordingly, the Court finds that substantial evidence does not support the ALJ's decision, and the Court will remand the case for further consideration.

First, the Court finds that the ALJ failed to explain properly his consideration of the GAF score evidence in the record and his decision to give such evidence "little weight" in formulating Plaintiff's RFC. In his decision, the ALJ stated that Plaintiff had "received a GAF score of 50," and he specifically cited to two exhibits in the record. (R. 19). The ALJ then went on to explain

that "a GAF score is a reflection of the claimant's level of functioning at a particular time and not an assessment of their ability over a longitudinal period." (R. 19).

Although the ALJ seemed to indicate in his discussion that Plaintiff's GAF score of 50 reflected her level of functioning at one particular point in time, and not over a "longitudinal period," the records—to which the ALJ himself cited—indicate that Plaintiff actually had been assigned a GAF score of 50 on multiple occasions over a period of time. The first exhibit to which the ALJ cited contains records from consultative examiner Lindsey Groves, Psy.D., indicating that she had assigned Plaintiff a GAF score of 50 during her examination on November 14, 2012. (R. 329-35, Ex. 4F). The second exhibit to which the ALJ cited, which consists of clinical progress notes from Plaintiff's treatment at Excela Health, refers to Plaintiff having had a GAF score of 50 on three additional dates: October 8, 2013; November 8, 2013; and January 14, 2014. (R. 397, 399, 400, Ex. 9F). Thus, although the ALJ cited to these various GAF scores of 50 in the record—spanning a period of time from November, 2012, until January, 2014—the ALJ's remarks seem to indicate that he gave that score little weight in determining Plaintiff's RFC because of his understanding that the score referred to only one particular point in time. Because a GAF score of 50 appeared repeatedly in the record, however, it is not clear to the Court whether the ALJ was mistaken in his understanding, and whether he realized that these multiple identical GAF scores actually appear to have existed over an extended period of time. Accordingly, because the ALJ did not adequately explain his consideration of the GAF scores in his decision, the Court cannot find that the ALJ's RFC is supported by substantial evidence.

Second, the Court finds that the ALJ also failed to provide sufficient analysis explaining his decision to give little weight to the opinion of Dr. Groves in formulating Plaintiff's RFC. Dr. Groves, who performed a consultative examination of Plaintiff, submitted a physician's report

6

and a mental impairment questionnaire in which she opined that Plaintiff had various limitations, including extreme limitations in maintaining social functioning, and that Plaintiff could not engage in regular, sustained employment. (R. 328-35). Although the ALJ acknowledged the opinion of Dr. Groves in his decision and explained that he was giving it "little weight," the Court finds that the ALJ's discussion in this regard was simply insufficient to permit meaningful review.

For example, the ALJ first stated generally that the medical evidence of record does not support the severity of the limitations found by Dr. Groves, but he declined to elaborate further to explain or to support this conclusion with specific examples. (R. 19). The ALJ also pointed to two instances in which, he argued, Dr. Groves' opinion contradicted itself. The ALJ stated that Dr. Groves' report that Plaintiff had a good ability to relate to co-workers and interact with supervisors contradicted the extreme limitations in social functioning that Dr. Groves also found. The Court notes, however, that while Dr. Groves did make the findings the ALJ references, Dr. Groves also noted that Plaintiff had "no useful ability to function in" dealing with the public, relating predictably in social situations, and demonstrating reliability, all of which lend support to her finding of social functional limitations. (R. 346-47). Similarly, the ALJ stated that Dr. Groves' findings that Plaintiff had good ability to function independently and to maintain attention/concentration were contrary to the doctor's assessment that Plaintiff was unable to perform regular, sustained work. The Court notes, however, that Dr. Groves also opined that Plaintiff had "no useful ability to function in" following work rules or in dealing with work stresses, which supports a finding of inability to perform regular, sustained work. (R. 346). Thus, the ALJ's discussion in this regard consists only of these few brief statements, which do not clearly explain why he gave Dr. Groves' opinion little weight, and the general statement,

provided without additional detail or support, that the limitations Dr. Groves found were inconsistent with the other evidence in the record. Quite simply, the ALJ's comments concerning Dr. Groves' opinion evidence do not allow the Court to determine whether the ALJ's decision to omit those limitations from Plaintiff's RFC is supported by substantial evidence.

Accordingly, while an ALJ is by no means required to adopt straightaway all of the limitations found in various opinions in a record, an ALJ is required to provide an adequate explanation for the conclusion that they should be rejected. Indeed, the Court expresses no opinion as to whether the ALJ's RFC determination regarding Plaintiff's impairments could be supported by the record. It is, instead, the need for further explanation that mandates the remand on this issue.[1]

## V. Conclusion

In short, the ALJ failed to provide an adequate explanation for his evaluation of both Plaintiff's GAF scores and his consideration of the opinion of Dr. Groves. Accordingly, the Court finds that substantial evidence does not support the ALJ's decision. The Court hereby remands this case to the ALJ for reconsideration consistent with this Order.

s/ Alan N. Bloch
United States District Judge

ecf: Counsel of record

---

[1] Although the Court takes no position as to Plaintiff's remaining issues, the ALJ should, of course, ensure that proper weight be accorded to the opinions and medical evidence presented in the record, and he should verify that his conclusions concerning Plaintiff's RFC are adequately explained, in order to eliminate the need for any future remand.